DANIEL M. WEBSTER, d. b. a., *vs.* WILLIAM H. BEEBE, p. b. r.

1. BAILMENT—STORAGE—COMPENSATION—RECOVERY.

    If the contract of storage of a boat, which was properly carried out, did not include its launching, which was improperly done, a recovery for the contract price of the storage may be had.

2. BAILMENT—PERFORMANCE BY BAILEE—DEFECTS.

    Where the contract of storage of a boat included its launching, which latter was improperly done, and the boat injured, such fact should be considered in determining the recovery to be allowed for such services.

3. BAILMENT—STORAGE AND REPAIRS TO A BOAT—RIGHT TO RECOVER.

    Where a person fully performed his duties under a contract of storage of a boat and to furnish materials for repairs, and the owner accepted the boat after such repairs, the bailee should be allowed recovery for his services.

4. CONTRACTS—PERFORMANCE—DEFECTS—WAIVER—NOTICE.

    Plaintiff could recover for his services in making repairs on a boat, where the owner failed to give plaintiff notice of the defects therein after he had had a reasonable opportunity to discover them.

5. CONTRACTS—PARTIAL PERFORMANCE—RECOVERY.

    Although the repairs to a boat were not in accordance with the contract, yet, if the owner derived some benefit therefrom, recovery may be had to the extent of what the repairs were reasonably worth.

6. SET-OFF AND COUNTERCLAIM—RECOUPMENT.

    In a suit to recover for repairs made on a boat, the owner may recoup for any damage or loss by reason of plaintiff's not performing his work according to the contract, as the damage grew out of the same contract.

7. DAMAGES—MEASURE—DEFECTIVE PERFORMANCE.

    In a suit to recover for repairs made on a boat, the owner may recoup

damages by reason of the work being unskillful and the materials defective, and not necessarily what he actually paid for subsequent repairs.

8. SET-OFF AND COUNTERCLAIM—EFFECT ON PLAINTIFF'S CLAIM.

Where plaintiff's claim for repairs on a boat was in excess of the damages to the owner by reason of the repairs being defective, and which he sought to recoup, he could recover such excess; but, where such damage was equal to or greater than his claim, then verdict should be for the owner.

*(October 1, 1910.)*

JUDGES BOYCE and HASTINGS, sitting.

*John F. Neary* (of *Ward, Gray* and *Neary*) for appellant.

*Alexander B. Cooper* for respondent.

Superior Court, New Castle County, September Term, 1910.

APPEAL (No. 55, January Term, 1909) from a judgment by a justice of the peace. Foreign Attachment. Assumpsit, to recover for services rendered and materials furnished by plaintiff to defendant in connection with the storage of and repairs to a certain boat owned by the defendant.

HASTINGS, J., charging the jury:

Gentlemen of the jury:—This is an action of assumpsit brought by William H. Beebe against Daniel M. Webster to recover the sum of $122.25, with interest from the fifteenth day of May, A. D. 1908, for services rendered and materials furnished by the plaintiff to the defendant in connection with the storage of and repairs to a certain boat, the property of the defendant The declaration consists of the common counts.

It is admitted that the plaintiff stored the said boat for the defendant from November 1907 to May 1908, at an agreed price of $15; it is also admitted that the plaintiff furnished certain materials and made certain repairs to said boat in May 1908, at a price that had been agreed upon by both parties; these two agreements, however, as appears from the testimony, were separrate and distinct, the one for storage having been made in the fall of the year 1907, and one for materials and repairs in the early part of May 1908. It is also admitted that nothing has been paid

by the defendant to the plaintiff on account of either of these contracts or agreements.

The defendant does contend, however, that he is not liable for the materials furnished and labor done because the same were not in accordance with the terms of the contract, and because of the damage he suffered thereby.

We have been asked by the counsel for the plaintiff to instruct you to return a verdict for the plaintiff for the item of storage, amounting to $15, that being a separate and distinct contract. With respect to that we say to you this: if you find that the plaintiff had performed his part of the contract for storage before the plaintiff undertook to launch the boat on the morning of May thirteenth, you should find in favor of the plaintiff for the sum of $15, in any event, for there is nothing in the evidence to show that the storage up to that time was not proper or that the boat had been in anywise injured. If on the other hand, you find that the agreement concerning storage included the launching of the boat by the plaintiff, and also conclude that the work of launching was improperly done and the boat was thereby injured, you should take such fact into consideration in determining how much, if anything is due the plaintiff for storage.

With respect to the repairs to the boat, we say to you that if the plaintiff furnished such materials as he agreed to furnish and did the work in the manner he agreed to do it, and the boat was delivered to and accepted by the defendant, the plaintiff would be entitled to recover the full amount of his claim; and if there were defects in the materials furnished and work done, if the defendant accepted the boat and failed to give notice to the plaintiff of such defects, after he had had a reasonable opportunity to discover such defects, the plaintiff would in such event be entitled to recover. And again, if you believe the repairs were not in accordance with the contract but that they were of some advantage or benefit to the defendant, you should find for the plaintiff in such a sum as they were reasonably worth to the defendant.

The defendant has filed in this case a notice of recoupment,

under which he has a right to prove and be allowed any loss or damage incurred by him by reason of the failure of the plaintiff to perform the work in a proper manner and in accordance with the contract. Such damage must be founded upon and grow out of the same identical contract.

The measure of damage is not necessarily what the defendant actually paid for subsequent repairs, for they may have been different from those agreed to be done by the plaintiff, but the damage, if any, is that arising out of the unskillful workmanship or defective materials furnished by the plaintiff in each or all of the items included in the contract for repairs.

In this case, as in all civil cases, the jury should give their verdict in favor of that side upon which is the greater weight or preponderance of the evidence.

Now if you are satisfied from the evidence that the plaintiff did the work in acccordance with the agreement you should render your verdict in his favor for the full amount of his claim. If on the other hand you should find that the plaintiff did not do the work properly and that the defendant was damaged thereby, you should deduct the amount of such damage from the amount of the claim and render a verdict in favor of the plaintiff for the balance. Or if you should find that the amount of said damage is greater or equals the claim of the plaintiff you should find simply for the defendant.

Verdict for plaintiff.